UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Morningware, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 09-4348 |
| | ) | |
| **Hearthware Home Products, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ------------------------------------------------------ | ) | |
| | ) | |
| **IBC-Hearthware, Inc.** | ) | |
| **d/b/a Hearthware Home Products, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | Consolidated |
| v. | ) | |
| | ) | |
| **Morningware, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATED PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>:  The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in

this case. "Recipient" means a person who receives information via the discovery process in this case.

   b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

  3. <u>Designation of Information as Confidential or Highly Confidential</u>:

   a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

   b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

      c.      A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer [and videographer] in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

      d.      A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.      A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

      f.      If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the

information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and Disclosure of Confidential or Highly Confidential Information</u>

a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)( i), (iv), (v), and (vi).

d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten calendar days after its

execution. At least ten calendar days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten calendar days after service of the identification. Unless the parties resolve the dispute within ten calendar days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

   e. Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

   f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

  5. <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6. <u>Inadvertent Disclosure</u>: Inadvertent disclosures shall be handled in accordance with Federal Rule of Evidence 502.

7. <u>Filing with the Court</u>: No Confidential or Highly Confidential information may be included in a document publicly filed with the Court (including documents filed electronically) unless the Court so orders. A party wishing to file a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential or Highly Confidential information.

Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this

paragraph.  Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. Originals:  A legible photocopy of a document may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

10. Survival of Obligations:  This order's obligations regarding Confidential and Highly Confidential information that this order imposes survive the conclusion of this case.

Dated: October 5, 2009                                                              Respectfully Submitted,

/s/Nicholas S. Lee/                                              /s/David M. Farnum/ (w/ permission)

Edward L. Bishop                                                 William P. Oberhardt
Nicholas S. Lee                                                  70 West Madison, Suite 2100
EDWARD BISHOP & ASSOCIATES, LTD.                                 Chicago, IL 60602
1320 Tower Road                                                  Tel: 312-251-1100
Schaumburg, IL 60173                                             Fax: 312-251-1175
Tel: (847) 925-9333
Fax: (847) 925-9337                                              David M. Farnum
                                                                 Ralph P. Albrecht
*Counsel for Plaintiff/Counterdefendant*                         Cameron H. Tousi
Morningware, Inc.                                                Meaghan H. Kent
                                                                 Calvin R. Nelson
                                                                 VENABLE LLP
                                                                 575 Seventh Street, NW
                                                                 Washington, D.C. 20004
                                                                 Tel: (202) 344-4000
                                                                 Fax: (202) 344-8300

                                                                 *Counsel for Defendant/Counterclaimant*
                                                                 IBC-Hearthware, Inc., d/b/a Hearthware
                                                                 Home Products, Inc.

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

Dated:   October 7, 2009, 2009                                   _____
                                                                 Hon. Amy J. St. Eve
                                                                 United States District Judge

# APPENDIX 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Morningware, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 09-4348** |
| | ) | |
| **Hearthware Home Products, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ------------------------------------------------ | ) | |
| | ) | |
| **IBC-Hearthware, Inc.** | ) | |
| **d/b/a Hearthware Home Products, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Consolidated** |
| v. | ) | |
| | ) | |
| **Morningware, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], have been provided a copy and read the Stipulated Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Stipulated Protective Order. I agree that I will not use or disclose any Confidential or Highly Confidential information except in strict compliance with the provisions of this Order, and I will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, I will return or destroy, as directed, any Confidential or Highly Confidential information received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue. I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.


Dated:_____

                                Printed Name:

                                Company Name/Address/Phone: