# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4348 | **DATE** | 11/1/2011 |
| **CASE TITLE** | Morningware, Inc vs. Hearthware Home Products, Inc | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Morningware's motion for leave file a First Amended Complaint [220]. The Court further orders Morningware to file its First Amended Complaint by 11/4/11.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Morningware's Motion for Leave to File a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Morningware seeks to amend its Complaint to "update its allegations" and to add a claim for infringement of its registered "MORNINGWARE" trademark. For the following reasons, the Court grants Morningware's motion in part and denies it in part.

## BACKGROUND

On July 20, 2009, Plaintiff Morningware, Inc. ("Morningware"), filed its Complaint against Hearthware Home Products, Inc. ("Hearthware"), alleging that Hearthware had commercially disparaged Morningware's goods, had committed the common-law tort of unfair competition, and had violated the Deceptive Trade Practices Act of Illinois, as well as the unfair competition and product-disparagement provisions of the Lanham Act. (R. 1, Complaint.) Separately, Hearthware brought an action against Morningware alleging that Morningware's use and sale of the Halogen Convection Oven Model H0-1200 infringed Hearthware's U.S. Patent No. 6,201,217 ("the '217 patent"). (*IBC-Hearthware, Inc. v. Morningware, Inc.*, No. 09-CV-4903 (N.D. Ill.) (R. 1).) The Court consolidated both cases on August 26, 2009. (*Id.*, R. 19.) The parties have requested numerous extensions to the fact discovery deadline, which the Court has granted. (R. 175, R. 190, R. 194, R. 206.) On October 20, 2011, at the parties' joint request, the Court further extended the fact discovery deadline, for the purpose of conducting limited discovery, until December 5, 2011. (R. 237.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a plaintiff may amend its Complaint "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2); *see also Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (noting that courts should generally "use their discretion under Rule 15(a) to liberally grant permission to amend pleadings"). "Although leave to amend should be "freely given," that does not mean it must always be given." *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (noting that despite the liberal nature of Rule 15(a), "leave to amend is not automatically granted"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Indeed, district courts "'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [non-moving party], or where the amendment would be futile.'" *Hukic*, 588 F.3d at 432 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). "Delay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). The longer the delay, however, "'the greater the presumption against granting leave to amend.'" *Id*. (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Id*. (quoting *Brunt v. Serv. Emp. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)); *see also Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001).

## ANALYSIS

Hearthware does not oppose Morningware's motion to the extent it seeks permission from the Court to update the allegations in its Complaint. Therefore, the Court grants Morningware's motion in that regard.

Hearthware opposes the remainder of the motion, however, arguing that Morningware's request to add a new infringement claim to the Complaint is "unduly delayed, dilatory and offers undue prejudice to Hearthware." (R. 236, Hearthware's Resp. at 3.) It argues that Morningware inexplicably delayed filing its motion for leave to add an infringement claim for over one year and four months after the trademark registration issued. Hearthware further argues that if Morningware is allowed to add an new infringement claim, Hearthware would be prejudiced because it would need to conduct additional discovery, both written and oral, as to its defenses to Morningware's infringement claim. (R. 236, Hearthware's Resp. at 5) (noting that because the Morningware's federal registration gives its mark additional statutory presumptions and protections unavailable to its unregistered mark under 15 U.S.C. § 1115(a), Hearthware would need additional discovery as to defenses). As Hearthware correctly notes, the fact discovery deadline is fast-approaching. Hearthware also argues that it will be further prejudiced because Hearthware "would have taken different measures had Morningware's new claim been brought earlier." (R. 240, Morningware's Reply at 3.) Specifically, Hearthware argues that it would not have dismissed its own claim for trade dress infringement under the Lanham Act in November 2010 had it known Morningware would wait until September of 2011 to bring its own trademark claim. (*Id*. at 4.)

Morningware, on the other hand, argues that delay alone is insufficient to deny a motion to amend. It further argues that because its proposed trademark infringement claim is based on the same conduct as its previously-asserted unfair competition claim, "no additional discovery should be required." (R. 240, Morningware's Reply at 3.) In response to Hearthware's argument that it would be prejudiced because it would have conducted the litigation differently had it known of Morningware's intent to bring an infringement claim, Morningware argues that its infringement claim against Hearthware is separate and distinct from Hearthware's previously-asserted trade dress infringement claim. In other words, Morningware argues, the two claims have

nothing to do with one another.[1]

In its discretion under Rule 15(a)(2), the Court denies Morningware's motion for leave to file an amended complaint to add a claim for trademark infringement. This case has been pending for over two years. Morningware admits that its trademark registration issued on June 15, 2010, over 15 months before it filed its motion for leave. Since June 15, 2010, the Court has extended the fact discovery cutoff deadline *five times* at the parties' request and admonished the parties about their unprofessional conduct during discovery. *See* R. 175 (extended to June 6, 2011); R. 190 (extended to August 5, 2011); R. 194 (extended to September 19, 2011); R. 206 (extended to October 21, 2011); R. 233; R. 237 (extended, for limited purposes, to December 5, 2011). At the time Morningware brought its motion, fact discovery was set to close in three weeks, and that deadline was subsequently extended only for the limited purpose of completing certain discovery.[2] Although delay alone is generally insufficient to justify denying a motion under Rule 15(a)(2), "the longer the delay, the greater the presumption against granting leave to amend." *Soltys*, 520 F.3d at 743 (7th Cir. 2008) (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Moreover, Courts routinely deny motions for leave to amend brought, like the one here, at the close of discovery. *See Hukic*, 588 F.3d at 432 (affirming denial of leave to amend complaint brought three days before the close of discovery); *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) (affirming denial of leave to amend complaint brought at the close of discovery); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir. 1986) (affirming denial of leave to amend brought two weeks before the close of discovery because plaintiff was "less than diligent" and amendment prejudiced defendant). Morningware does not offer any explanation for waiting over 15 months, and at the end of the fact discovery period, to seek leave from the Court to add a trademark infringement claim.

In addition, allowing Morningware to add a new claim for relief at this late stage will prejudice Hearthware and will delay timely resolution of this case. Morningware argues that its unfair competition claim under 15 U.S.C. § 1125(a) and its proposed trademark infringement claims under 15 U.S.C. § 1114 are "based on the same facts, namely Hearthware's purchase and use of the Morningware name as keywords for search engines," and therefore adding a claim for trademark infringement "should not" require additional discovery. Morningware's argument, however, fails to address Hearthware's concern that it would need to conduct additional discovery as to its defenses in light of the addition presumptions and protections that federal registration gives the Morningware trademark. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) (citing *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir. 1986) ("Once a mark is registered, the [Lanham] Act affords a plaintiff one of two presumptions: (1) that her registered trademark is not merely descriptive or generic; or (2) that if descriptive, the mark is accorded secondary meaning." *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) (citing *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir. 1986).) Although Hearthware did not list witnesses it would need to depose or specific documents it would need to examine, it would be entitled to, at a minimum, discovery as to the circumstances of Morningware's trademark registration, including but not limited to the registration application and the validity of the registration. *See, e.g.*, 15 U.S.C. 1064(3) (a registered trademark may be cancelled on the ground that "its registration was obtained fraudulently").

---

[1] Hearthware fails to explain why it would have chosen not to dismiss its claim for trade dress infringement had it known that Morningware would wait until September 2011 to bring a claim for trademark infringement. Therefore, the Court did not consider this asserted prejudice in its Rule 15(a)(2) analysis.

[2] The Court subsequently ordered the parties to file a joint discovery plan and extended the fact discovery cutoff in order to allow specific discovery to continue. R. 237.

**CONCLUSION**

      Morningware inexplicably delayed for over 15 months and until the end of fact discovery before seeking leave from the Court to add a trademark infringement claim against Hearthware. Adding such a claim would entitle Hearthware to additional discovery, which would further delay the deadlines in this case, which has already been pending for over two years. Therefore, the Court denies Morningware's motion for leave to add a new claim for trademark infringement under Rule 15(a)(2). Because Hearthware does not object to Morningware's request to add additional factual allegations to its Complaint, the Court grants leave to Morningware to amend the Complaint in that respect.[3] The Court further directs Morningware to file its First Amended Complaint by November 4, 2011.

---

[3] Morningware will be able to rely on the factual allegations surrounding the registration of its trademark in prosecuting the previously-pled claims in the Complaint.