IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORNINGWARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 4348 |
| v. ) | |
| ) | |
| HEARTHWARE HOME PRODUCTS, INC. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Hearthware's Motion to Compel the Deposition of Susan Sul and request for attorney's fees and costs. For the following reasons, the Court grants Hearthware's motion in part and denies in part.

### BACKGROUND

On July 20, 2009, Plaintiff Morningware, Inc. ("Morningware"), filed its Complaint against Hearthware Home Products, Inc. ("Hearthware"), alleging that Hearthware had commercially disparaged Morningware's goods, had committed the common-law tort of unfair competition, and had violated the Deceptive Trade Practices Act of Illinois, as well as the unfair competition and product-disparagement provisions of the Lanham Act. (R. 1, Complaint.) Separately, Hearthware brought an action against Morningware alleging that Morningware's use and sale of the Halogen Convection Oven Model H0-1200 infringed Hearthware's U.S. Patent No. 6,201,217 ("the '217 patent"). (*IBC-Hearthware, Inc. v. Morningware, Inc.*, No. 09-CV-4903 (N.D. Ill.) (R. 1).) The Court consolidated both cases on August 26, 2009. (*Id.*, R. 19.) The parties have requested numerous extensions to the fact discovery deadline, which the

Court has granted. (R. 175, R. 190, R. 194, R. 206.) On October 20, 2011, at the parties' joint request, the Court further extended the fact discovery deadline, for the purpose of conducting limited discovery, until December 5, 2011. (R. 237.)

Ms. Susan Sul is the sole employee of Morningware and its only 30(b)(6) witness. (R. 254-8 at 15.) It is undisputed that Hearthware was scheduled to depose Ms. Sul, in her 30(b)(6) and personal capacities, on November 29 and 30, 2011. The parties disagree as to whether Hearthware was to depose Ms. Sul in her 30(b)(6) capacity on November 29 and in her personal capacity on November 30, or whether Hearthware was entitled to combine her 30(b)(6) and personal deposition questioning throughout both days. Morningware advances the former position, and Hearthware advances the latter.

When Ms. Sul appeared for her deposition on November 29, Morningware's counsel stated that it was producing Ms. Sul for her personal deposition only and not as a 30(b)(6) witness. (R. 254-8 at 5.) Hearthware's counsel expressed his disagreement and stated that the scope of his questions would be mixed throughout both days' depositions. (*Id.*) He explained that since Morningware offered Ms. Sul for her deposition as the sole 30(b)(6) witness and in her personal capacity, he could not separate his questioning between what she knows as a corporate witness versus what she knows in her personal capacity. (*Id.* at 5, 11.) He offered to allow Ms. Sul to specify, in her answers to his questions, whether she was answering in her personal capacity or as a corporate representative. (*Id.*) Morningware's counsel responded that he had not yet prepared Ms. Sul for her 30(b)(6) deposition because he understood that Hearthware's counsel would not question Ms. Sul in her corporate capacity until the following day, November 30. (*Id.* at 5-8.) Counsel for Hearthware called the Court in an attempt to resolve the issue, but

the Court directed the parties to work it out on their own. Morningware offered Hearthware the option of continuing with Ms. Sul's personal deposition on November 29 and her 30(b)(6) deposition on November 30. (*Id.* at 21-22.) Hearthware's counsel instead opted to halt the deposition and seek relief from the Court. (*Id.*)

The following day, November 30, Hearthware's counsel deposed Ms. Sul. (R. 258 at 6.) He indicated on the record that although the deposition was the 30(b)(6) deposition of Morningware, "there may be fact based questions that will be interspersed throughout it." (R. 258-5 at 4.) On December 1, 2011, Hearthware's counsel contacted Morningware's counsel to request a date for Ms. Sul's personal deposition. (R. 254-9.) Morningware's counsel refused to offer Ms. Sul for another deposition absent a court order. (*Id.*) On December 7, 2011, Hearthware filed its motion to compel. Morningware filed a written response on December 15, 2011.

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police*

*Dep't*, 535 F.2d 621, 629 (7th Cir. 2008).

## ANALYSIS

Before the Court reaches the merits of Hearthware's motion, it bears mentioning that this is the ninth motion to compel filed in this case. The Court has expressed repeatedly, on the record, its disappointment with the parties' lack of professional conduct and inability to work together to resolve their discovery disputes. (R. 233, R. 248.) Unfortunately, the parties have refused to heed the Court's admonishments and have continued to display gamesmanship and a remarkable inability to resolve even the most trivial of discovery issues, including the issue presently before the Court.[1]

Hearthware argues that it never agreed with Morningware's counsel to depose Ms. Sul in her personal capacity in one day and her 30(b)(6) capacity on another day. Morningware argues that the parties reached such an understanding. Both parties point to various emails, all of which the Court has reviewed, in support of their respective positions. Although the Court finds some support for Morningware's position (*see* R. 254-1 (Hearthware's counsel requests that Ms. Sul be made "available for her personal and 30(b)(6) deposition on Mon, Sep. 26 and Tue, 27, *respectively*")), it does not appear, at least from the materials the parties provided to the Court, that they ever decided the issue one way or the other.

As a practical matter, the Court agrees with Hearthware's argument that it is nearly impossible to separate 30(b)(6) questions from personal capacity questions when the witness at issue is the company's sole employee. For this reason, it is reasonable that Hearthware's

---

[1] The Court reminds the parties that "[t]he quality of the legal profession can be no better than that of its members." N.D. Ill. Local Rule 83.50.1, Committee Comment.

attorney would have the understanding that he would be able to question Ms. Sul in both capacities throughout both days of her deposition. On the other hand, Morningware's counsel maintains that he had previously suggested the combined-question approach to Hearthware's counsel, who rejected it. (R. 254 at 4; 258 at 4.) Hearthware's counsel does not dispute this assertion. If Morningware's assertion is true, it was also reasonable for Morningware's counsel to expect that Hearthware would depose Ms. Sul in her personal capacity on one day and her 30(b)(6) capacity on the other day.

Hearthware argues that it will be prejudiced if it is not able to depose Ms. Sul, who is Morningware's only fact witness, for a second day. Morningware responds that Hearthware made the decision to halt Ms. Sul's deposition on November 29 knowing that it would not be able to depose her again absent a court order, and that Hearthware has not identified any questions it was not able to ask Ms. Sul during her 30(b)(6) deposition on November 30. Hearthware need not do so, however, because it is *entitled* to depose her for seven hours in her personal capacity. *See* Fed.R.Civ.P. 30(d)(1). Unfortunately, the parties wasted over one and a half of those hours on November 29 arguing about whether the deposition could proceed.[2]

Neither party is one hundred percent correct on this issue, and the parties could have avoided the entire conflict – yet again – by simply having a conversation in advance of the deposition. Because Ms. Sul is Morningware's one and only fact and 30(b)(6) witness, precluding Hearthware from deposing her for a second day would be unduly prejudicial. Therefore, the Court will allow Hearthware to depose Ms. Sul for five and one half hours in the

---

[2] The deposition began at 9:20 a.m. and ended at 10:58 a.m. *See* R. 254-8 at 4, 21.

Chicagoland area, at its own expense, on or before January 11, 2012.[3] Ms. Sul lives in the area, and therefore producing her for a second deposition is not unduly prejudicial to her or Morningware.

## CONCLUSION

For the reasons explained above, the Court grants Hearthware's motion in part and denies it in part. Hearthware may depose Ms. Sul on or before January 11, 2012 in the Chicagoland area for five and one half hours at its own expense. Hearthware's request for attorney's fees and costs is denied because both lawyers exhibited unprofessional conduct in addressing this issue.

DATED: December 22, 2011

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

---

[3] Fact discovery closed on December 5, 2011. It is reopened until January 11, 2012 for the sole purpose of Ms. Sul's deposition. There will be no exceptions.